UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERTO ARIAS VALERIO,
on behalf of himself and all others
similarly situated,

                                  Plaintiff,

- against -

ANFIELD INTERIORS, INC.
and RUAIRI K. DUFFY, individually,

                                  Defendants.
------------------------------------------------------------------------X

**20-cv-02275 (AJN)**

**AMENDED COMPLAINT**

**FLSA COLLECTIVE**

**CLASS ACTION**

Plaintiff Roberto Arias Valerio ("Arias" or "Plaintiff"), by and through his attorneys, Jacob Aronauer of The Law Offices of Jacob Aronauer and Vincent Bauer of The Law Offices of Vincent Bauer, complaining of Anfield Interiors, Inc. ("Anfield") and Ruairi K. Duffy, individually, (collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1.  This is a civil action brought by Plaintiff and all other similarly situated construction workers to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and similarly situated non-exempt workers work or have worked as construction workers for Anfield Interiors, Inc., a construction company owned and operated by Ruairi K. Duffy.

2.  This class action is brought on behalf of all construction workers who work or worked on behalf of Defendants (the "Rule 23 Laborer Class") to seek unpaid overtime wages.

3.  Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective") who elect to opt-in to this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of unpaid overtime provisions of the FLSA by Defendants.

4. Plaintiff and the FLSA collective and Rule 23 Laborer Class worked as drywall installers and construction workers at Anfield Interiors, Inc., a construction company owned, controlled and operated by Ruairi K. Duffy.

5. Finally, this lawsuit is brought on behalf of all non-exempt employees who are employed by Defendants (the "Non-Exempt Class"). Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the New York Wage Theft Prevention Act.

6. Plaintiff seeks to certify a class under Rule 23 on behalf of Defendants' non-exempt employees who were not provided the correct written notices under NYLL § 195.

7. Plaintiff and the respective classes seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

11. Plaintiff is and was at all times relevant hereto an adult individual residing in the Bronx, New York.

12. Plaintiff worked at Defendants from on or about January 2017 until on or about October 2017.

13. Plaintiff was employed by Defendants as a drywall installer. Plaintiff installed metal framing and sheetrock and completed final details for construction projects.

14. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Anfield Interiors, Inc.**

15. Anfield is a construction business incorporated in the State of New York, with offices located at 261 W 35th St. Suite 705, New York, New York 10001.

16. Anfield provided and continues to provide construction services as a contractor on numerous constructions projects in New York City and Brooklyn.

17. Upon information and belief, Ruairi Duffy is the owner of Anfield.

18. On information and belief, Anfield Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Ruairi K. Duffy**

19. Upon information and belief, Ruairi K. Duffy maintains control, oversight and the direction of Anfield.

20. Defendant Duffy is a person engaged in business in Kings County, Westchester County, and New York County, who is sued individually in his capacity as an owner, officer and/or agent of Anfield.

21. Defendant Duffy exercises sufficient control over Anfield to be considered Plaintiff's employer under the NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Anfield.

22. Defendant Duffy employed Plaintiff at all times relevant.

23. Defendant Duffy had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

24. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

25. The FLSA Collective consists of approximately 100 similarly situated current and former construction workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

26. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

29. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

30. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

31. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## THE RULE 23 LABORER CLASS

32. **Proposed Class.** The proposed class is comprised of all construction workers who worked for Defendants during the applicable period.

33. Construction workers all worked for Defendants at various locations and worked more than 40 hours per week.  These individuals though were not paid any overtime for all work performed after 40 hours (the "Rule 23 Laborer Class").

34. Excluded from the Rule 23 Laborer Class are non-construction workers, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Laborer Class.

35. **Ascertainability.**  The identity of the Rule 23 Laborer Class is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of

notice designed to reach this class of transient, non-English speaking general laborers. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

36. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of at least 100 employees. Members of the class are ascertainable but so numerous that joinders is impracticable.

37. **Common Questions of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

   a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime wage compensation;

   b) whether Defendants are joint employers of Plaintiff and similarly situated employees;

   c) whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

   d) what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

38. **Typicality.** The claims of the individual Plaintiff are typical of the claims of the class as a whole. Anfield's unlawful policies are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

39. **Adequacy of Class Representation.** The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

40. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a

whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

41. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

## THE NON-EXEMPT CLASS

42. **Proposed Class.**  All said persons, including Plaintiff, are referred to herein as "the Non-Exempt Class."   The Non-Exempt Class is readily ascertainable.  The number and identity of the Non-Exempt Class is determinable from the records of Defendants.

43. Plaintiff brings his NYLL Section 195(1) and (3) claims on behalf of himself and a class of persons consisting of all non-exempt employees who worked for Defendants during the applicable period ("Non-Exempt Class").

44. Excluded from the Non-Exempt Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Non-Exempt Class.

45.  The employees in the Non-Exempt Class are so numerous that joinder of all members is impracticable.

46.  Upon information and belief, the size of the Non-Exempt Class, which includes current and former employees of Defendants is at least 100 people. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

47.  Common questions of law and fact exist as to the Non-Exempt Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) Failing to provide §195(1) comprehensible and accurate notice of pay rate forms to non-exempt employees;

   (b) Failing to provide comprehensible and accurate wage statements to non-exempt employees in compliance with §195(3);

48.  **Typicality.**  The claims of the individual Plaintiff are typical of the claims of the class as a whole.

49.  **Adequacy of Class Representation.**  The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

50.  **Propriety of Class Action Mechanism.**  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. The prosecution of separate actions against Defendants by individual class members would

create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

51. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

## FACTS

**Plaintiff Roberto Arias Valerio's Employment with Defendants**

52. Plaintiff worked as a drywall installer for Defendants from on or about January 2017 through October 2017.

53. Plaintiff's job duties were installing metal framing and sheetrock and completing final details for construction projects.

54. Plaintiff worked on various construction projects in Manhattan on behalf of Defendants.

55. Plaintiff's direct supervisor was Arrilino Doe.

56. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

57. Throughout his employment with Defendants, Plaintiff worked 6 days a week, from Monday through Saturday.

58. Plaintiff usually worked from Monday through Friday from approximately 6:00 a.m. to 8:00 pm and Saturday from approximately 7:00 a.m. to 5:00 p.m. His departure time varied depending on the project.

59. Plaintiff was occasionally required to work on Sundays.

60. Throughout his employment with Defendants, Plaintiff received 30-minute lunch breaks each day.

61. Plaintiff was never paid at time and one half his regular rate when he worked more than 40 hours a week.

62. Except on a few occasions, Plaintiff was paid by check.

63. Plaintiff's checks did not accurately the amount of hours he worked.

64. Throughout Plaintiff's employment, Defendants paid $35 per hour for all of his hours worked, including work performed after 40 hours in a workweek.

65. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid overtime in compliance with the FLSA and NYLL.

66. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

67. Throughout his employment with Defendants, Plaintiff was never provided with any documentation as to the hours he worked.

68. Throughout his employment with Defendants, Plaintiff was never provided with any documentation as to his regular or overtime rates of pay.

69. On information and belief, in 2018 employees of Defendants filed a complaint with the Department of Labor stating that they were unlawfully paid straight time for their overtime hours worked.

70. On information and belief, the ensuing DOL investigation resulted in the aforementioned employees receiving monies from Defendants in compensation for not correctly being paid in compliance with the FLSA and NYLL.

**Defendants' Violations of the Wage Theft Protection Act**

71. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

72. Throughout the relevant time period, Defendants paid Plaintiff and the Non-Exempt Class' wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

73. Plaintiff and the Non-Exempt Class were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

76. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

77. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

78. Defendants' decision not to pay overtime was willful.

79. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (On Behalf of Plaintiff and the Rule 23 Laborer Class)

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. At all times relevant to this action, Plaintiff and the Rule 23 Laborer Class were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

82. Defendants failed to pay Plaintiff and the Rule 23 Laborer Class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

83. Defendants' failure to pay required overtime was willful.

84. As a result of Defendants' NY Labor Law violations, Plaintiff and the Rule 23 Laborer Class are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(On Behalf of Plaintiff and the Non-Exempt Class)**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants willfully failed to supply Plaintiff and the Non-Exempt Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

87. Through their knowing or intentional failure to provide Plaintiff and the Non-Exempt Class the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

88. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Non-Exempt Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Non-Exempt Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
## New York Labor Law- Failure to Provide Wage Statements
## (On Behalf of Plaintiff and the Non-Exempt Class)

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants willfully failed to supply Plaintiff and the Non-Exempt Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Through their knowing or intentional failure to provide Plaintiff and the Non-Exempt Class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

92. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Non-Exempt Class are entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff and the Non-Exempt Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Anfield Interiors, Inc. and Ruairi K. Duffy, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Certification of the Rule 23 Laborer Class and the Non-Exempt Class pursuant to Rule 23;

(e) Designation of Plaintiff as class representative of the Rule 23 Classes and counsel of record as Class Counsel;

(f) Damages for unpaid overtime due to Plaintiff and the Rule 23 Laborer Class in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(g) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the Non-Exempt Class members with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(h) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the Non-Exempt Class members with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(i) For pre-judgment and post-judgment interest on the foregoing amounts;

(j) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(k) For such other further and different relief as this Court deems just and proper.

Dated: June 19, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007

**THE LAW OFFICES VINCENT E. BAUER**

By: */s/Vincent E. Bauer*
Vincent Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017

*Attorneys for Plaintiff*