**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROBERTO ARIAS VALERIO,
*on behalf of himself and all others similarly situated,*

                              20-CV-02275 (DCF)

              Plaintiff,

        -against-

ANFIELD INTERIORS, INC.
and RUAIRI K. DUFFY, individually.

             Defendants.
-----------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT

        The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement ("Motion for Preliminary Approval").[1] Defendants agreed, for settlement purposes only, not to oppose the motion.

        1.    Based upon the Court's review of Plaintiff's Memorandum of Law in Support of his Motion for Preliminary Approval, the Declaration of Jacob Aronauer dated June 14, 2021 ("Aronauer Decl.") and all other papers submitted in connection with Plaintiff's Motion for

---

[1] Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

1

Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Roberto Arias Valerio ("Plaintiff") and Anfield Interiors, Inc. and Ruairi K. Duffy (collectively "Defendants") and "So Orders" all of its terms.

2. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) ("Settlement Class"):

> Plaintiff and all individuals who worked as construction workers and were classified as independent contractors of Corporate Defendant from January 1, 2016 through December 31, 2018.

3. The Court concludes that the proposed Settlement Agreement falls within the range of a reasonable settlement agreement and therefore notice to the Settlement Class is appropriate.

4. Solely for purposes of effectuating the settlement, the Court preliminary finds that the perquisites to class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a) the number of the Settlement Class is so numerous that joinder of the Settlement Class is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) Plaintiff's claims are typical of the Settlement Class' claims;

(d) Plaintiff and the Class Counsel (as appointed herein) have and will fairly and adequately represent and protect the interests of the Settlement Class;

(e) The questions of law and fact common to the Settlement Class predominate over any individual questions; and

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

5. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

6. For settlement purposes only, the Court appoints Jacob Aronauer, Esq., The Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, New York 10007, and Vincent Bauer of The Law Offices of Vincent E. Bauer, 425 Madison Avenue, 17th Floor, New York, NY 10017 as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g) ("Class Counsel").

7. The Court approves the proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), ~~which is attached as Exhibit A to the Aronauer Decl.,~~ as modified in paragraph 11 (copy attached hereto), *DF* and directs distribution of the Notice to the Settlement Class.

8. The Court will consider timely filed objections by any member of the Settlement Class to the Settlement Agreement and with respect to any other matter identified in this Order to be addressed at the Settlement Hearing (as defined below) only if a member of the Settlement Class has not requested exclusion from the Settlement Class and only if such comments or objections and any supporting papers (accompanied by due proof of service upon Class Counsel and Defendants' Counsel in the time and manner provided below), are filed in writing with the Clerk of Court, United States District Court, Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007, no later than seven calendar days before the Settlement Hearing and copies of all such papers and briefs are served by hand, mail or overnight delivery, such that they are received no later than seven calendar days before the Settlement Hearing, by each of the following: (i) The Law Offices of Jacob Aronauer, 225 Broadway, 3rd

LEGAL\50871759\1
LEGAL\52522539\1

Floor New York, NY 10007, on behalf of the Class Representatives and the Class; and (ii) John Ho, Cozen O'Connor, 3 WTC, 175 Greenwich Street 55th Floor, New York, NY 10007, on behalf of Defendants. Class Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

9. Any Class Member who intends to object must include in their filing all the following information: (a) the Class Member's name and current mailing address; and (b) the words "I intend to appear at the Settlement Hearing" or words to that effect or complete the Opt-Out form which will be mailed to them by the Class Administrator.

10. All objections should be mailed or hand- delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for Defendants no fewer than seven days before the Settlement Hearing.

11. Attendance at the telephonic Settlement Hearing is not necessary for Class Members to object. Unless the Court orders otherwise, no member of the Class or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, except by serving and filing written objections as described in the Settlement Agreement. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

12. All proceedings in this action are hereby stayed until further Order of the Court, except as may be necessary to comply with the terms of the Settlement Agreement. Pending final approval of the settlement, the Named Plaintiff and all Class Members who have not timely

4

excluded themselves in compliance with the terms of the Settlement, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, file, commence, maintain, prosecute, intervene in, or participate in, as plaintiffs, claimants, class representative members or otherwise against defendants in any jurisdiction and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Released Claims in the Settlement Agreement.

13. The Court approves Rust Consulting as the settlement claims administrator.

14. Within 10 days following the date of this Order, Corporate Defendant shall provide the Settlement Claims Administrator, in electronic form securely to protect any personally identifying information, for all Notice Recipients, the following information, if known: name, social security number, last known address, and dates of employment in relevant position(s) within the Relevant Statutory Period, as that information exists on file with Corporate Defendant.

15. Within 45 days following the date of this Order, Rust Consulting shall disseminate, via First Class United States mail, postage prepaid, the Notice to all Class Members along with a copy of a W9 or W8 to be eligible to receive settlement funds.

16. . Class Members must opt-out no later than 30 days from the date Notice is sent and no later than 75 days from the date of this Order [~~DATE OF PRELIMINARY APPROVAL NOTICE~~]. An Opt-Out *DF* Statement with a self-addressed stamped envelope will be mailed to Class Members along with the proposed Notice by the Class Administrator.

17. Plaintiff will file a Motion for Final Approval of Settlement after the opt-out period but no later than 2 weeks prior to the fairness hearing. *DF*

5

18. A telephonic class fairness hearing (the "Settlement Hearing") is hereby scheduled to be held before the Court on ___November 16, 2021___ at 10 a.m. To attend the Settlement Hearing, eligible parties should call 877-411-9748 and use Access Code 9612281.   .The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

It is so ORDERED this __7th__ day of _____July_____, 2021

*DF*

_____
DEBRA FREEMAN, U.S. Magistrate Judge

(This resolves the motions filed at Dkt. 47.)

### NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT AND FAIRNESS HEARING

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you worked for Anfield Interiors, Inc. as an independent contractor performing construction-related services from January 1, 2016 through December 31, 2018, you may be entitled to a payment from a class and collective action lawsuit settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This notice pertains to individuals who performed construction related services and were classified as independent contractors by Anfield Interiors, Inc., from January 1, 2016 through the December 31, 2018 (referred to as "Covered Individuals"). Anfield as used in this notice, collectively refers to Anfield Interiors, Inc., and Ruairi K. Duffy, in his individual capacity.

- A former individual who performed construction-related services and was classified as an independent contractor by Anfield (the "Named Plaintiff") has sued Anfield Interiors, Inc., and Ruairi K. Duffy (collectively "Defendants") alleging that Defendants failed to pay him for all overtime hours that he worked, as required by federal or state law, and committed wage statement and wage notice violations under the wage and hour laws of New York. The Named Plaintiff filed the lawsuit as a class action under New York law and a collective action under the Fair Labor Standards Act ("FLSA"). Defendants deny these allegations and maintain that all individuals were properly classified as independent contractors and thus not entitled to overtime and/or wage statements and wage notices.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in the best interests of all parties to resolve and settle the action by entering into a settlement agreement. Accordingly, the Named Plaintiff and Defendants have settled the lawsuit. Defendants have agreed to deposit $200,000 (the "Settlement Amount") into a fund that will be used to pay Covered Individuals who do not opt out of the settlement, as well as to pay attorneys' fees and litigation costs of the attorneys who represent the Named Plaintiff ("Class Counsel"), and a service award to the Named Plaintiff.

- Under the allocation formula created by the settlement, you are entitled to receive approximately $[Award Rounded], which will be paid without any withholdings or deductions and reported as income to you on an IRS Form 1099. This amount is based on the number of weeks you provided services as a Covered Individual during the relevant liability period, as well as the rate or estimated rate at which you were paid for those services. Your award amount is an estimate and subject to

change.

- Neither Class Counsel nor Defendants make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice regarding your participation in the settlement.

- Your legal rights may be affected. You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **ENDORSE AND DEPOSIT THE CHECK** | By endorsing and depositing the check, you will receive approximately the payment amount identified above. You are separately responsible for paying any taxes that may be owed on that amount. By endorsing and depositing the check, you will also be "opting in" to the lawsuit for purposes of the FLSA and agreeing to release your claims under the FLSA as provided below. Furthermore, as a condition of receiving the payment, you must complete and return a W8 or W9 so that a 1099 may be issued to you reflecting the settlement payment which are attached to this Notice in the self-addressed stamped envelope. |
| **DO NOT DEPOSIT THE CHECK** | If you do not deposit the check, you will still be bound by the settlement and will be releasing the claims described below, other than any claims under the FLSA. However, you will not be "opting in" to the FLSA Collective Action part of this lawsuit or releasing your claims under the FLSA. |
| **EXCLUDE YOURSELF** | Get no payment. If you worked at Anfield in a Covered Position, excluding yourself is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against Defendants for unpaid wages and/or wage statement penalties between January 1, 2016 through December 31, 2018. *If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund. For additional information regarding excluding yourself, see Sections 12-14 below.* |

| **OBJECT** | Write to the Court about why you object to the settlement. If you exclude yourself from the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not exclude yourself from the settlement. For additional information regarding objecting to the settlement, see Sections 17-18 below. |
|---|---|

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records state that you provided construction related services as an independent contractor between January 1, 2016 and December 31, 2018. The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a collective/class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after any objections and appeals are heard, payments will be mailed to Covered Individuals who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Valerio v. Anfield Interiors, Inc..., et al.*, No. 20 Civ. 02275 (DCF).

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants failed to pay overtime to Covered Individuals for the time they worked in excess of 40 hours a week as required by federal or state law and whether Defendants fully complied with all wage statement and wage notice requirements under the wage and hour laws of New York. Defendants deny that they failed to pay any Covered Individuals as required by law and deny that they violated any wage statement and/or wage notice laws.

### 3. Why is this a class/collective action?

In a class action, the named plaintiff sues on behalf of people who have similar claims. The named plaintiff and the other people on whose behalf the plaintiff sues are called a "class" or "class members." If the court determines that the named plaintiff meets certain criteria, the court resolves the issues for everyone in the class—except for those who choose to exclude themselves from the class.

3

In a "collective action," one or more people called "representative plaintiffs" sue on behalf of people who have similar claims. However, other employees who have similar claims do not become part of the collective action until they "opt in" to the collective action. You may "opt in" to the collective action part of this lawsuit by cashing the settlement check that will be mailed to you if and when the Court approves the settlement and after all objections and appeals have been heard.

### 4. Why is there a settlement?

The Court did not decide in favor of Named Plaintiff or Defendants. Both sides believe they would have prevailed in the case, but there was no decision ruling in favor of any party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays and uncertainties associated with a trial, and the Covered Individuals who participate in the settlement will get compensation as part of the settlement. The Named Plaintiff and the attorneys for the parties believe that the settlement is best for the Covered Individuals.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

You are eligible to participate in the settlement if Defendants' records indicated that you are a Covered Individual. As explained above, the Covered Individuals are those who performed construction related services as independent contractors for Anfield from January 2016 through December 31, 2018.

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator as follows:

**Rust Consulting**
PO Box XX
Minneapolis, MN 55440-XXXX

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Defendants have agreed to deposit $200,000 into a fund to be divided among the Covered Individuals, after payments to Class Counsel for attorneys' fees and costs, and a service award to the Named Plaintiff for his service to the Covered Individuals. The remaining amount will be divided among the Covered Individuals based on the number of weeks they provided services as a Covered Individual during the relevant liability period, as well as the rate or estimated rate at which they were paid for those services. Settlement checks that are issued to Covered Individuals and are not cashed within 120 days will be null and void.

### 8. How much will my payment be?

Based on the allocation that has been preliminarily approved by the Court, you will be entitled to

4

receive approximately $[Award Rounded], which will be paid without any withholdings or deductions and reported as income to you on an IRS Form 1099. The allocation takes into account the number of weeks you provided services as a Covered Individual during the relevant liability period, as well as the rate or estimated rate at which you were paid for those services. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Section 23, below. Your award amount is an estimate and subject to change. You will be required to complete a W8 or W9 as a condition of receiving payment.

## HOW YOU GET A PAYMENT

### 9. How can I get my payment?

You will need to send a completed W8 or W9 to Rust Consulting to receive the payment identified in Section 8. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. You will need to cash the check within 120 days of issuance or the check will be null and void. If you exclude yourself from the settlement, then you will not receive a payment.

### 10. When will I get my payment?

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Section 19. If the Court approves the settlement, there may be appeals after that. Resolving appeals can take time, perhaps more than a year. Please be patient.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself (as explained in Section 12 below), you will be covered by the settlement and you will release the New York law claims specified in the settlement agreement. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants [brought under New York law — *DF*] about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. In addition, if you cash the settlement check, you will also release claims under the FLSA. Class Members who do not exclude themselves but also do not cash their settlement check within 120 days will still release all of the other claims described in this notice, but will not release any claims under the FLSA.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants about the legal issues in this case, then you must take certain steps. This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement.

### 12. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must complete the enclosed Opt-Out Statement and return it in the self-addressed stamped envelope. You must include your name, address, telephone number, and signature on the completed Opt-Out Statement. Your completed Opt-Out Statement

5

must be postmarked no later than 30 days from the date of this notice and not later than 75 days from [date of Preliminary Approval Order] and must be mailed to:

> Valerio v. Anfield Administrator
> c/o Rust Consulting Inc - 7195
> PO Box XX
> Minneapolis, MN 55440-XXXX

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case. If you wish to exclude yourself in order to file an individual lawsuit against Defendants, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date. If you exclude yourself from the settlement, you may not object to it.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants for all of the claims being resolved in this case, other than claims under the FLSA. If you cash your settlement check, you also give up any rights to sue Defendants for the FLSA claims litigated in the case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is 30 days from the date of this notice and not later than 75 days from [date of Preliminary Approval Order].

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit or settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding the claims in this lawsuit.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firms of the Law Offices of Jacob Aronauer and the Law Offices of Vincent E. Bauer are qualified to represent you and the other Covered Individuals. As explained above, these lawyers are called "Class Counsel." You will not be charged for the services performed by these lawyers; their fees are being covered by the Settlement Amount. You do not need to retain your own attorney in order to participate in the settlement. If you do not opt out of the settlement and want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of up to 28% of the Settlement Amount for attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment

6

for their out-of-pocket costs in the litigation of $505.00. The Court may award less than these amounts. Defendants have agreed not to oppose these fees.

Class Counsel will also ask the Court to approve a payment of $15,000 in total to the Representative Plaintiff in recognition of the risks he took and his service to the Covered Individuals.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the settlement?

If you are a Covered Individual, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the Valerio wage and hour settlement," as well as all reasons for the objection. Be sure to include your name, address, telephone number, and your signature. Mail the objection to:

> Valerio v. Anfield Administrator
> c/o Rust Consulting Inc - 7195
> PO Box XX
> Minneapolis, MN 55440-XXXX

Your letter must be postmarked no later than 30 days from the date of this notice and not later than 75 days from [date of Preliminary Approval Order].

### 18. What's the difference between objecting and excluding yourself?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you do not exclude yourself from the settlement. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend the hearing and ask to speak at the hearing, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Section 17 above. The Claims Administrator will provide your letter to the Court before the fairness hearing.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a virtual Fairness Hearing on [DATE at 10 a.m.. You may attend the Fairness Hearing by calling 877-411-9748 and using Access Code 9612281 at that date and time.

7

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel as attorneys' fees and expenses.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long this will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

If you file a timely objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Section 17, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to:

Valerio v. Anfield Administrator
c/o Rust Consulting Inc – 7195
PO Box XX
Minneapolis, MN 55440-XXXX

### 23. How do I get more information?

If you have other questions about the settlement, you can contact the Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

Jacob Aronauer, Esq.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980