**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ROBERTO ARIAS VALERIO,
*on behalf of himself and all others similarly situated,*

                Plaintiff,

      -against-

ANFIELD INTERIORS, INC.
and Ruairi K. DUFFY, individually.

              Defendants.
-------------------------------------------------------------X

20-CV-02275 (DCF)

~~PROPOSED~~ JUDGMENT     *DF*

~~[PROPOSED]~~     *DF*
**JUDGMENT FOR FINAL APPROVAL**
**OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT**

     **THIS CASE** coming on for hearing before the Honorable Debra Freeman, U.S.M.J., on

November 16, 2021, in order for this Court to conduct a final fairness hearing to determine whether

the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to

address Class Counsel's applications for an award of attorneys' fees and costs and for service

awards to the Class Representatives; and the settlement Class members being represented by Class

Counsel and Defendants being represented by their attorneys;

     **AND THE COURT,** having read and considered all the proceedings heretofore had in this

ligation and the parties' Settlement Agreement and the Plaintiff's Memorandum in Support of

Motion for Final Approval Of Class And Collective Action Settlement, for Award of Attorneys'

Fees and Expenses, for Approval of Service Payments to the Class Representatives, and for

Payment of the Claims Administrator's Costs And Expenses, and the declarations submitted in

1

support of the motion, the oral arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and good cause appearing, now makes the following:

## FINDINGS OF FACT

1.  This litigation was commenced on March 13, 2020, by Plaintiff Roberto Arias Valerio, who filed a collective and class action complaint asserting that he was owed overtime pay under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and asserting violations of the New York Labor Law ("NYLL") § 195.

2.  Subsequently, following substantial paper discovery, the parties reached accord on November 16, 20220 with respect to a proposed Settlement that provides substantial benefits to Class Members in return for a release and dismissal of the claims at issue in this case, as set forth in the Settlement Agreement. The proposed Settlement Agreement was preliminarily approved by the Court on July 7, 202.

3.  As part of the Order Preliminarily Approving Settlement, this Court conditionally certified the following Settlement Class: all individuals who performed construction related services as independent contractors for Defendants from January 2016 through December 31, 2018.

4.  Also as part of the Order preliminarily approving the Settlement, the Court approved the sending of direct mail notice that provided Settlement Class Members notice of the proposed settlement.   The notice provided an opportunity for the Settlement Class members to file objections to the Settlement and an opportunity to opt-out of the Settlement and for the representative plaintiffs to who have FLSA claims to "opt in".

5.  The parties have filed with the Court a declaration from the Claims Administrator, Rust Consulting, declaring that the mailing of the Court-approved Notice has been completed, including

the mailing of a Court-approved Supplemental Notice, as have subsequent follow-up activities pursuant to the Settlement Agreement, as well as other efforts upon which the parties agreed.

6.   The Court finds that notice was provided to the Class members in accordance with the Settlement Agreement and the Court's preliminary approval order. The Court finds and determines that the direct mail notice provided in this case was the best notice practicable. The Court further holds that the notice was accurate, objective, informative, and provided members of the Settlement Class with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

7.   Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. No individuals excluded themselves from the Settlement.

8.   All the members of the Settlement Class are bound by the Settlement, Settlement Agreement, releases contained within the Settlement Agreement, and Final Order and Judgment. Settlement Class members do not have a further opportunity to opt-out of this Action.

9.   Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel, and the proposed awards to the Class Representative, were provided an opportunity to do so pursuant to the Notice. As of the deadline for the filing of objections, no objections were filed. Given the size of this Settlement, and the notice procedure utilized, this Court finds the lack of any objections to be indicative of the fairness, reasonableness, and adequacy of the Settlement, and, accordingly, all members of the Settlement Class are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

10. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable, and adequate compromise of the claims against the Defendants in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b). There are a number of factors which the Court has considered in affirming this Settlement, including:

a.      The liability issues in this case have been contested;

b.      This Settlement has the benefit of providing relief to the members of the Settlement Class now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation. This Settlement provides the members of the Settlement Class with a substantial monetary benefit; and

c.      This Settlement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendants.

11. Class Counsel provided notice to the Settlement Class Members of their proposed application for reasonable attorneys' fees and expenses consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered Class Counsel's fee request and hereby grants the request.

12. Class Counsel provided notice to the Settlement Class Members of the proposed application for service payments to the Class Representatives consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving Settlement. This Court has considered this application and hereby grants that application.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

13. This Court has jurisdiction over the parties and the subject matter of this proceeding.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and § 216(b) of the FLSA, the following Settlement Class is certified for purposes of final settlement: all individuals who performed construction related services as independent contractors for Defendants from January 2016 through December 31, 2018.

15. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Settlement Class's members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class Members. The Class Representatives' claims are typical of those of the Settlement Class. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

16. The Court finds that final approval of the service payment of $15,000 to Roberto Arias Valerio is warranted. The Court finds that this amount is a reasonable and equitable incentive payment.

17. Class Counsel are qualified, experienced, and have successfully litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. The Court finds that final approval of attorneys' fees and expenses in the amount of $55,858.60 (approximately 28.33% of the gross settlement, plus $505 in costs and reimbursements) is warranted.    The Court finds that this amount is justified by the work performed, risks taken, and results achieved by Class Counsel.

18. The Court finds that the request for payment of the incurred and anticipated costs of the Claims Administrator, Rust Consulting, Inc. estimated to be approximately $15,000 are reasonable and are approved.   Furthermore, the costs of the Claims Administrator are being paid by separately by Defendants and are not part of the settlement fund.

19. The Court finds that final approval of the Settlement Agreement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure is warranted, and that all of the Settlement Class Members who have made valid claims on the Settlement should be entitled to receive their share of the settlement fund pursuant to the terms of the Settlement Agreement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):**

  a. The motion for Final Approval of the proposed Settlement is GRANTED. The Settlement, as set forth in the Settlement Agreement, Release and Waiver ("the Settlement Agreement"), is hereby approved, and all of the Settlement Agreement's terms, conditions and obligations are incorporated herein by reference.

  b. The Class Representatives are entitled to and are hereby awarded payment in the amount set out in paragraph 16, *supra*, such amount to be paid by the Claims Administrator to the Class Representatives upon the Effective Date.

  c. Class Counsel's application for attorneys' fees and expenses is granted in the amounts set out in paragraph 17, *supra*, and the Claims Administrator is ordered to pay such amounts to The Law Offices of Jacob Aronauer and The Law Offices of Vincent Bauer upon the Effective Date.

  d. The application for costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Claims Administrator, estimated to be approximately $15,000 are granted.

    e.   Upon the Effective Date, as set forth in the Settlement Agreement, the Claims Administrator shall effectuate distribution of the settlement funds to the eligible Settlement Class members in accordance with the terms of the Settlement Agreement.

    f.   All members of the Settlement Class shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the Action concerning the Settlement.

    g.   Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

    h.   Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

    i.   This Action and all claims against the Defendants are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the Action, all Parties, and Settlement Class Members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  12/7/2021

_____
Debra Freeman
United States District Magistrate Judge

(The Clerk of Court is directed to enter this judgment and close this case on the Docket of the Court.)

7